The Court

of Appeals gave the following opinion s
It is laid down as a rule, that mortgages are held not to be within the statute of limitations; but it was thought reasonable to establish a period at which, prima facie, the right of redemption shall be presumed to be deserted by the mortgagor unless he be capable of producing circumstances to account for his neglect; and chancery having *332 adopted a variety of those circumstances, to wit, fraud, acknowledgment, infancy, ignorance, lawsuits, &c. of most of which the parties cannot avail themselves at common law, there is certainly a deviation in such cases from its strictness.
No case has been cited to show that courts of chancery have adopted that part of the clause of the statute of 21 Jac. I. which allows infants the liberty, after the twenty years are expired, to bring actions within ten years after their coming to full age; and the judges, after diligent search, not being able to find any, although from the year 1624,in which the statute was made, to the year 1793, many cases, in all probability, have happened ; an inference may be drawn from thence that a doctrine prevailed, that when adverse possession was taken from the infant, limitations did not run on him until his full age, and that this doctrine is not impeached in the dictum of Lord Talbot, in Belch £s? Harvey, as it is not an adjudged case; but on the contrary, there are adjudged cases where infancy, lawsuits and other circumstances, have excused the party, and where an infant being plaintiff, adverse possession was taken of him six years before he Came of age, and that period being accounted for by infancy, although twelve years had elapsed after his coming of age before bill filed; yet, as it did not amount to twenty years, he had a right to bring his bill, and the party here being similarly circumstanced, being six years an infant, and bringing his bill in time, if the six years be not accounted as part of the time.
We do, therefore, order and adjudge, that the decree of the chancellor be reversed, and that the appellant have liberty to proceed before him on the bill, and that he hear the cause upon the merits according to the course of that court.